WHITE ROCK MANUF'G CO. (STILLMAN v.). See Case No. 13,446.

---

## Case No. 17,570.

### The WHITE SQUALL.

[4 Blatchf. 103.] [1]

Circuit Court, S. D. New York. Sept. 25, 1857.

SUIT IN REM — DISCHARGE ON STIPULATION — RETURN OF VESSEL TO MARSHAL—VALIDITY OF ORDER.

1. Where, in a suit in rem against a vessel, she was discharged on the usual stipulation for value, and afterwards, during the pendency of the case in this court, on appeal, the respective proctors consented in writing to a return of the vessel into the custody of the marshal, and to her sale by that officer, and she was sold, and an order was obtained from the circuit judge, directing the clerk to enter an order according to such consent: Held, on a motion made to vacate such order, by a person who claimed to have an interest in the vessel, and who was not a party to the suit, that the judge had no jurisdiction or power to make the order.

2. The court has no power to order back into the custody of the marshal a vessel which has been fairly discharged from arrest on a stipulation.

[Followed in The Jack Jewett, Case No. 7,-121. Cited in The Thales, Id. 13,855; Home Ins. Co. v. The Concord, Id. 6,659; The Old Concord, Id. 10,482; Roberts v. The Huntsville, Id. 11,904; U. S. v. Ames, 99 U. S. 42; The William F. McRae, 23 Fed. 558.]

3. The case of The Union [Case No. 14,346], cited and approved.

This was a libel in rem, filed in the district court, to enforce the payment of a

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

bottomry bond. The vessel was discharged from the arrest on the usual bond being given, under the act of congress of March 3, 1847 (9 Stat. 181). A decree was subsequently rendered in the district court for the libellants, condemning the vessel for the sum of $17,594.63, which, after reciting that she had been discharged under the act of congress, gave judgment against the stipulators in pursuance of said act. [Case No. 5.239.] An appeal was taken from that decree to this court, and duly perfected. [Case unreported.] Pending that appeal, and before any hearing thereon, a stipulation was entered into between the proctors for the respective parties, providing for a sale of the vessel upon certain terms and conditions therein mentioned, and, among others, consenting to a return of the vesssel into the custody of the marshal, and also to a sale of her by that officer. She was subsequently sold. On the 14th of May, 1857, an order was obtained from the circuit judge out of court, directing the clerk to enter an order of record according to such stipulation. A motion was now made by a person who claimed to have an interest in the vessel, but who was not a party to the cause, to vacate such order.

Erastus C. Benedict, for the motion.
Edward H. Owen. for purchaser.
Edward H. Seymour, for libellants.

NELSON, Circuit Justice. I am satisfied that the order made by me was improvidently granted, and that I had no power to make it; and, as the question is presented on a motion made by a party who claims to have an interest in the vessel, and who was not a party to the libel or the proceedings in the cause, I shall direct that the order entered upon the filing of the consent of the proctors for the respective parties be vacated, and that the rights of all persons concerned be left to stand upon the written stipulation entered into by the proctors. The purchaser at the sale of the vessel has appeared and opposed this motion; but, as he had full notice of the proceedings, and of the claim that the order of sale was invalid, and would be contested, I perceive no equity entitling him to any particular favor. Indeed, were it otherwise, it would not change my decision, as I vacate the order on the ground that I had no power or jurisdiction to make it.

Since the granting of the order, I have had occasion to look deliberately into the question as to the power of the court to order back into the custody of the marshal a vessel which has been fairly discharged from arrest on a stipulation, and am satisfied that the court possesses no such power. The reasons for this conclusion were given in the case of The Union [Case No. 14.346]. decided at this term. Such I understand, also, to be the rule of the English admiralty. The Kalamazoo, 9 Eng. Law & Eq. 557; The Hope.

1 W. Rob. Adm. 154; The Volant, Id. 383; 15 Law Rep. 563.
Order vacated.