## Case No. 11,904.

ROBERTS et al. v. The HUNTSVILLE.

[3 Woods, 386.] [1]

Circuit Court, S. D. Georgia. April Term, 1877.

MARITIME LIENS — SATISFACTION OF SALVAGE DECREE—PRIOR MORTGAGE—PRACTICE—RESEIZURE.

1. A ship was libeled for salvage, and a decree for salvage rendered. The sureties for the claimants, the owners, were compelled to pay the salvage decree. *Held*, that they were not entitled to priority, for the sum so paid, over valid mortgages which antedated the salvage services.

[Cited in The Madgie, 31 Fed. 928.]

2. When a ship is libeled and seized, and released on bond, the libelants cannot re-seize her. By her discharge she becomes free, and all anterior liens stand good against her as before her seizure.

[Appeal from the district court of the United States for the Southern district of Georgia.

[This was a libel by Joseph A. Roberts and Joseph Bramell against the steamship Huntsville for advances made for necessaries supplied, and for their indemnification as sureties.]

S. Yates Levy, for libelants.

William Garrard cited 2 Pars. Shipp. & Adm. 233, 234; Carroll v. The Leathers [Case No. 2,455]; The Union [Id. 14,346]; The White Squall [Id. 17,570]; The Larch [Id. 8,085].

1 [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

BRADLEY, Circuit Justice. The steamship Huntsville, of New York, being disabled at sea, was brought into the port of Savannah and libeled for salvage. Roberts and Bramell, at the request of her master, who intervened for the owners, became sureties for the costs and salvage, and the vessel was discharged. A decree for salvage was made, and the sureties were obliged to pay the amount. Meanwhile, the vessel being left in their charge as factors, whilst undergoing repairs, and they becoming alarmed for their indemnification, having learned that the owner was insolvent, and that the vessel was covered by mortgages, filed the libel in the present case, not only for advances made for necessaries supplied, but for their indemnification as sureties in the original suit, praying to be subrogated to the rights of the salvors. The vessel was thereupon re-seized and sold, and the proceeds paid into the registry of the court. The mortgagees intervened and contested the right of Roberts and Bramell, to priority on these proceeds.

The question now to be decided is, whether Roberts and Bramell, the present libelants, as sureties, seeking subrogation to the rights of the salvors, are entitled to priority over the mortgage liens, which are conceded to be valid, and to antedate the salvage services. I am clearly of opinion that they are not. The rights of sureties subrogated to those of the original libelants, are so clearly and fully expounded by Judge McCaleb, in the case of Carroll v. The Leathers [supra], that it is unnecessary to add anything to the judgment in that case. The salvors themselves ceased to have any lien on the ship after she was claimed and released from their seizure on stipulation. Their claim then became a personal one against the owners and stipulators. It has been repeatedly held that, except where fraud has been practiced in procuring the vessel's release, the libelants cannot re-seize her. By her discharge she becomes free, and all anterior liens stand good against her, as before the seizure. So that if the present libelants were invested with every right of the salvors, they could not have recourse to the ship again for the cause of salvage, except as they would have recourse against any other property of the owner: The Union [supra]; The White Squall [supra], and cases there cited by Mr. Justice Nelson, and cases referred to by Judge McCaleb in Carroll v. The Leathers. The case of The J. A. Brown [Case No. 7,118], decided by Judge Lowell, in Massachusetts, at the March term, 1876, does not seem to me to be at variance with this conclusion. There a mate of a vessel libeled her for wages; pending the libel a part owner paid the wages and filed a libel seeking to be subrogated to the mate's lien as against a mortgage, and the subrogation was allowed as to that portion of the wages for which the part owner was not personally liable. I do not understand that in this case

the vessel was discharged. It still remained subject to the lien for wages when the libel for subrogation was filed. This decision was in entire harmony with the cases to which I have referred, and I see no reason why it is not good law.

The conclusion to which I come, therefore, is that the sureties, the libelants in the present case, can only have such relief as the salvors could have by execution on their decree, which would be postponed to existing liens on the vessel. They are entitled to all the interest of the owner of the ship and to nothing more. This postpones them to the mortgagees.

The fact that the present libelants relied on the ship, and had possession of her (if such was the case), makes no difference. The possession they had was only the possession of the owner, and may have been a protection as against him, but had no greater force or effect. She was subject to all the liens to which she would have been subject in the owner's hands.

The decree of the district court is affirmed, with costs, and decree will be entered accordingly.