## THE MADGIE.

## *Ex parte* IVULICH.

*(District Court, S. D. Alabama. March 22, 1887.)*

1. ADMIRALTY—REOPENING DECREE.
   A decree in admiralty may be reopened at the same term on motion, and at a subsequent term corresponding relief may be granted on petition.
2. COSTS—RELEASE-BOND.
   Under a release-bond, with a penalty for double the amount of the libelant's claim, conditioned to answer and abide by the decree of the court, issued to the marshal pursuant to section 941, Rev. St., to obtain the release of a vessel, a decree may be entered against the obligors for the amount of the libelant's claim and the costs, although a separate stipulation may have been filed for the costs, provided the decree does not exceed the amount of the penalty of the bond.

3. SAME—SUBROGATION OF SURETIES.

When sureties in a release-bond have paid a decree thereon, they may be subrogated to the claim of the libelant against their principal, the claimant of the vessel.

In Admiralty. On petition by sureties on release-bond for relief.

On June 12, 1886, a libel was filed by Alexander Francis against the schooner Madgie for $70.50 seaman's wages, and on the same day Charles Zucca intervened as claimant of the vessel, filing the usual stipulation "for all costs and expenses" that might be awarded by final decree in the suit in a penalty of $250, with John Marques as surety, Marques duly justifying in that amount before the clerk. On June 15, 1886, Zucca gave a release bond for the vessel in the penalty of $150, with Giovanni Ivulich and Joseph Cady, the petitioners, as sureties. This bond was duly approved by the collector of the port of Mobile, in the absence of the district judge. Upon the trial libelant recovered a decree for $90.50. The decree, dated July 14th, proceeds as follows:

"And whereas, it appears that heretofore, on the fifteenth day of June, 1886, the said schooner Madgie was released to Charles Zucca, claimant, on his bond in the sum of $150, with Giovanni Ivulich and Joseph Cady as sureties thereon, it is therefore ordered, adjudged, and decreed that the said Charles Zucca and his sureties on said release bond be condemned jointly and severally to pay the aforesaid judgment and costs, and in default thereof [let] execution issue forthwith in favor of libelant for the collection of the same."

Execution accordingly issued, and was levied on property of the sureties for $189.95, being the judgment and costs, on July 21, 1886, after adjournment of the term of the district court; and before a restraining order, which was applied for, could be obtained from the judge, then in another part of the state, nearly the whole amount had been paid out by the marshal to the libelant and officers of court under a supplemental decree of July 15, 1886, ordering this to be done.

*Peter J. Hamilton,* for petitioners.

TOULMIN, J. This is an application by sureties on a release-bond, given under section 941 of the Revised Statutes for the release of the schooner Madgie, for the reopening of a decree rendered upon the bond by my predecessor, Hon. JOHN BRUCE, at the last term of this court, under which they have been compelled to pay more than the amount of the penalty of their obligation, and seeking also the new and affirmative relief of subrogation.

During the trial term a decree may be reopened on motion, and it is no longer a question that a decree can be reopened at a subsequent term in a proper case. Owing to the flexibility of admiralty procedure, while a libel of review may be the proper form for such purpose, a petition may be treated as an application for leave to file such libel, and the appropriate relief may be granted thereon. *Snow* v. *Edwards,* 2 Low. Dec. 273.

It is sought, in the first place, to reopen the decree to the extent of relieving the petitioners, as sureties in the release-bond, from all liability for the costs of this litigation, and to throw the costs upon the stipula-

tion for costs previously given by the claimant with another surety This cost stipulation is confessedly worthless, and so the practical result in this case would be that all costs would be lost. As it was the serv ices of the officers of court which secured the collection of the claim, a result which would now, when the libelant has been paid and left the port, deprive these officers of all compensation, is not to be approved without careful consideration. I am of opinion that the obligors on the release-bond may be made liable for costs. The history of release-bonds shows this. Originally the release of a vessel could be secured only by giving a bond based on the value of the vessel; but experience showed the inconvenience of this in the case of small claims, and an. act of congress of March 3, 1847, authorized the release of the vessel upon the claimant's giving bond in double the value of the claim; approved by the judge, or, in his absence, by the collector of the port. 9 St. at Large, 181. See form 2, Conk. Adm. 582.

The act contemplates the payment of costs, as it limits the amount thereof recoverable in a proceeding under its provisions; and the only change made by the revision of the statute was removing the limitation of the amount of costs. Rev. St. § 941. The fact that a stipulation for costs had been previously given in this case does not seem material. The condition of the release-bond itself is "to abide by and answer the decree of the court," and costs are a part of the decree. It was no doubt within the discretion of the court to put the costs upon the stipulators for costs; but, as that instrument was practically worthless, there seems no impropriety in decreeing the costs against the obligors in the release-bond. There is no doubt, however, that the decree in this cause, so far as it authorized the recovery of a greater sum than the penalty of the bond signed by the petitioners, should be modified. They are not liable beyond what they agreed to pay, in the absence of any contumacy on their part. *The Wanata*, 95 U. S. 600. The decrees of July 14 and 15, 1886, must therefore be modified so as to compel the officers of court receiving costs from the petitioners to refund proportionate amounts thereof.

It should be remarked that the officers have merely collected what the decree of July 14th authorized, and that the decree, in principle, is perfectly correct. It has merely so happened that the costs are larger than was in the contemplation of the court when the decree was rendered. It was not to be supposed that a $90 recovery would be at a cost of more than $60, and so no provision was made for the contingency. In addition to this correction of the previous decree, petitioners pray that they be subrogated to the rights of the libelant to the amount they have properly paid in this cause. This will be granted, but the subrogation must be limited strictly to the rights of libelant against the claimant personally, and the vessel is not affected. The bond has released the vessel for all purposes of this suit. *Carroll* v. *The Leathers*, Newb. Adm. 432; *Roberts* v. *The Huntsville*, 3 Woods, 386.