ALLISON v. THE STEAMER LAVELLE YOUNG.

(Second Division. Nome. July 22, 1903.)

No. 17. Admiralty.

ADMIRALTY—BOND—REARREST OF VESSEL.

The steamer Lavelle Young was seized on libel for seaman's wages. The claimant gave a stipulation for her release in the amount fixed by the court. Thereafter judgment for libelant was entered, and the vessel ordered seized and sold to satisfy the judgment. Claimants apply for the recall of the execution and the release of the vessel. *Held*, a vessel discharged from arrest upon giving bond or stipulation returns to her owner forever dis-

charged from the lien which was the foundation of the proceedings against her, and the court has no power to order her rearrest.

[Ed. Note.—For cases in point, see vol. 1, Cent. Dig. Admiralty, § 467.]

This is an action brought by the libelant to recover wages claimed to be due him for services as cook aboard the respondent steamer. Amount claimed, $658. The monition authorizing the seizure of the steamer issued August 11, 1900, and the case was duly proceeded in till the rendition of a decree in favor of libelant September 24, 1901, for the debt claimed, $658, for penalty for nonpayment of wages when due $66.66, together with costs. Afterwards, to wit, on the 3d day of July, 1902, this court (Wickersham, Judge) made an order upon petition filed, directing the marshal for the Second Judicial District to sell said steamer Lavelle Young, her tackle, apparel, and furniture, and directed the clerk, as authority therefor, to issue a writ of venditioni exponas. Whereupon the marshal seized said steamer in pursuance of the mandate of the writ, and advertised the said vessel for sale at a date certain; and later, to wit, July 11, 1902, C. W. Adams, Thomas Bruce, and George Crummy presented their petition to said court, praying for the recall of said execution and for an order of release and discharge of said vessel under said writ. The said Adams, Bruce, and Crummy allege in their petition, duly verified, that they became the owners of said vessel on the 8th day of August, 1900, by purchase, and that they have been ever since the owners thereof. The Yukon Transportation, Dredging & Mining Company furnished the bond and stipulation in this case.

In connection with the recital of the proceedings in this case up to judgment and decree, it should be stated that on August 15, 1900, it was ordered by Judge Noyes that on the filing of a stipulation on behalf of the respondent in the sum of $250 for costs and of a bond in the sum of $1,500, conditioned for the

payment of the amount of the decree that might be awarded against respondent, the above-described vessel should be returned to the said claimant by the marshal. And thereupon, August 31, 1900, a stipulation, as required by said conditional order of release, was filed by respondent, and on September 19, 1900, a bond in the sum of $1,500, conforming to said order, was filed. It does not appear from the record that the court ever approved either the stipulation or the bond formally, but, a decree having been entered subsequently in the case, said obligations may be regarded as having been approved by implication and by waiver on the part of the libelant.

O. D. Cochran and P. J. Coston, for libelant.

Frank A. Steele, for claimants.

MOORE, District Judge. The question now presented to the court is as to the right of said claimants to have the said steamer released from the writ of venditioni exponas under the statement of facts contained in the petition, there being no answer filed to said petition. The facts recited in said petition may be considered as admitted by the libelant for the purpose of the case.

The right of the present claimants to have their vessel discharged from seizure in this case depends primarily upon section 941 of the Revised Statutes [U. S. Comp. St. 1901, p. 692], which reads as follows:

"When a warrant of arrest, or other process in rem, is issued in any cause of admiralty jurisdiction, except the cases of seizures for forfeiture under any law of the United States, the marshal shall stay the execution of such process or discharge the property arrested (if the process has been levied), on receiving from the claimant of the property a bond or stipulation in double the amount claimed by the libelant, with sufficient surety to be approved by the judge of the court where the cause is pending, conditioned to answer the decree of the court in such cause. Such bond or stipulation shall be returned to the court and judgment thereon against both the principal and sureties may be recovered at the time of rendering the decree in the original cause."

In the case of The White Squall, Fed. Cas. No. 17,570 (4 Blatchf. 103), it was held that:

"A court has no power to order back into the custody of the marshal a vessel which has been fairly discharged from arrest on a stipulation."

In line with the principle ennunicated in this leading case is the following opinion:

"A vessel discharged from arrest upon giving bond or stipulation returns to her owner forever discharged from the lien which was the foundation of the proceedings against her, and the court has no power to order her rearrest." The Old Concord, Fed. Cas. No. 10,482; Brown, Admiralty, 270.

So, also, is the doctrine of Home Ins. Co. v. Concord, Fed. Cas. No. 6,659 (1870), wherein the court said that:

"A vessel discharged from arrest upon giving the required bond or stipulation is forever discharged from the lien which was the foundation of the action, and the court has no jurisdiction over her for the same cause of action."

Along the same line are the following concurrent cases: The Thales, Fed. Cas. No. 13,856 (10 Blatchf. 203); Roberts v. The Huntsville, Fed. Cas. No. 11,904 (3 Woods, 386); Senab v. The Josephine, Fed. Cas. No. 12,663; Johnson v. The Hattie Bell (D. C.) 65 Fed. 119. Under the authority of the above decisions, the court has no other alternative than to award the vessel to the claimants.

And now, July 22, 1902, it is hereby ordered and decreed that the writ of venditioni exponas issued in this case be recalled, and the marshal is directed to surrender the vessel into the custody and control of the said petitioners and claimants. Let counsel prepare an order in accordance with this opinion.