### THE WHITE SEAL.

(District Court, E. D. Pennsylvania. January 4, 1909.)

#### No. 44.

ADMIRALTY (§ 57*)—ENFORCEMENT OF DECREE—PAYMENT BY SURETY—RIGHT TO EXECUTION.

Evidence *held* insufficient to show that the surety on a stipulation for the release of a vessel libeled for salvage agreed to look to the insurers alone for indemnity and release the owners, which precluded it from the right to issue execution against the latter on payment of the decree.

[Ed. Note.—For other cases, see Admiralty, Dec. Dig. § 57.*]

In Admiralty. Rule by respondents to set aside execution. See 162 Fed. 642.

Thomas Stokes, for libelant.
William White and J. Lawrence Wetherill, for respondent.

J. B. McPHERSON, District Judge. This is an effort by the owners of the launch to use parol testimony for the purpose of escaping the consequences of two written contracts, namely, the application to the surety company, entered into on August 31, 1904, and the stipulation entered into on November 11th of that year. I have read and considered the depositions taken in support of the rule, and I do not think it necessary to say more than to pronounce them insufficient to accomplish the result sought by the respondents. No doubt the surety company knew that the insurance companies were interested in the action from the beginning, for it took their obligations as collateral security for its own undertakings; but in my opinion the evidence does not establish the fact that it accepted the companies as a substitute for the present respondents, and agreed to look only to the companies for reimbursement in case it should be obliged to pay the salvage that was demanded by the tug. Such payment in part it has been compelled to make, and it was therefore entitled to have the decree marked to its use, and to issue execution thereon to recover this sum from its principal, upon whom rested the primary obligation to pay the salvage award.

The rule to set aside the execution is discharged with costs, and it is now ordered that the money in court be paid to the surety company.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes