## THE SEABOARD NO. 93.

## THE ROBERT H. SMITH.

## THE GEORGE A. KEATING.

District Court, S. D. New York.
June 1, 1934.

Purdy & Purdy, of New York City, for libelant.

Edwin R. Wolff, of New York City, for Home Indemnity Co.

PATTERSON, District Judge.

A libel was filed by George D. Perry Scow Corporation against the tug George A. Keating. The tug was taken by the marshal under process. The Great Eastern Gravel Corporation appeared as claimant of the tug and defended the suit. A stipulation for value was given by the Great Eastern Gravel Corporation and the Home Indemnity Company, and the tug was accordingly released.

The suit proceeded to trial, resulting in a decree in favor of the libelant against the tug, the claimant, and the stipulator for value. The stipulator, Home Indemnity Company, then paid to the libelant the amount due under the decree, and demanded an assignment of the decree so that it might proceed to enforce it against the Great Eastern. The libelant refused to give an assignment. The surety company then brought this application to restrain the libelant from discharging the decree, to have it adjudged that it should be subrogated to the rights of the libelant in the decree, and to have the decree marked to its use.

I am of opinion that the surety company is entitled to the relief sought. By the stipulation for value, the tug was released for all purposes, and the claimant and surety company consented that execution might run against their goods, chattels, and lands instead of against the tug. When the surety company paid the decree, it became subrogated or substituted to the rights of the libelant against the principal debtor, upon whom rested the primary obligation to pay the decree. The Madgie, 31 F. 926 (D. C. Ala.); The White Seal, 166 F. 640 (D. C. Pa.); Leary v. Murray, 178 F. 209, 21 Ann. Cas. 868 (C. C. A. 3); 1 Benedict on Admiralty (5th Ed.) § 378. The doctrine of subrogation is as applicable to suits in admiralty as to actions at law. The Potomac,

105 U. S. 630, 26 L. Ed. 1194; Liverpool Steam Co. v. Phenix Ins. Co., 129 U. S. 397, 9 S. Ct. 469, 32 L. Ed. 788. It is difficult to conceive what fair objection the libelant, which has been paid in full, can have to the relief asked for by the surety.

There will be an order that the surety is subrogated to the libelant's rights. The libelant will be enjoined from having the decree marked satisfied, and the decree will be marked to the surety's use.