## Case No. 13,854.

### The THALES.

[Nowhere reported; opinion not now accessible.]

## Case No. 13,855.

### The THALES.

[3 Ben. 327.] 1

District Court, S. D. New York. June, 1869. 2

MARITIME LIEN—SUPPLIES—BONDING VESSEL—REARREST.

Where a libel was filed against a vessel, to recover for supplies furnished to her, and the vessel, having been seized under process issued on the libel, was on the 10th of July, 1857, discharged on a bond given without notice to the libellants, the practice of the court at that time not requiring such notice, and, on the 4th of March, 1858, the libellants, on consent of the claimants, discontinued the cause, paying the costs of the action, and, on the same day, filed another libel against the vessel for the same cause of action: *Held*, that the vessel was discharged of the lien for the supplies by the giving of the bond in the first suit, and was not liable to the second action.

[Cited in Bolten v. The James L. Pendergast, 30 Fed. 720; Morrison v. District Court of United States, 13 Sup. Ct. 253; U. S. v. The Haytian Republic, 14 Sup. Ct. 994.]

In admiralty.

Horace Andrews, for libellant.

Robert D. Benedict, for claimants.

BLATCHFORD, District Judge. This libel was filed March 4th, 1858, by the firm of B. M. & E. A. Whitlock & Co., against the bark Thales, to recover a sum of money, as the balance remaining due for certain repairs, supplies, and advances claimed to have been furnished at Pensacola, Florida, in the fall of 1856, by the firm of Keyser, Judah & Co., commission merchants there, for the use of the bark, and on her credit. When the suit was brought, the claim belonged to B. M. & E. A. Whitlock & Co., and it has since been assigned to William H. Judah, who has been substituted as libellant.

One of the defences set up in the answer is, that, on the 9th of July, 1857, a libel was filed in this court by B. M. & E. A. Whitlock & Co., against the same vessel, for the same cause of action; that the vessel was arrested in that suit, and was duly discharged, on a bond being given in due form; and that thereby the vessel was discharged from the claim, so that this suit cannot be maintained against her. It appears, that the libel in the former suit was for the same cause of action, and that, on the filing of a claim, and of a stipulation for the claimants' costs, together with a bond, under the act of congress, in double the amount claimed, approved by the judge of the court, the vessel was discharged from custody by the marshal. There can be no doubt that the vessel is not liable to arrest in this action for the same cause of action for which she was arrested in the former action, she having been duly discharged on bond in that action. In The Union [Case No. 14,346], Mr. Justice Nelson says: "The vessel, after being discharged from the arrest, upon the giving of the bond or stipulation, returns into the hands of her owner, subject to all previously existing liens or charges, the same as before the seizure, except as respects that on account of which the seizure was made." If the court has no power to order a vessel which has been fairly discharged, on a bond or stipulation, from an arrest, back into the custody of the marshal, in the same suit, as was held in the case of The Union [supra], and also in the case of The White Squall [Case No. 17,570], a fortiori, it has no power to order her to be arrested a second time, in another suit, for the same cause of action. To order her back into the custody of the marshal, in the same suit, when she has been fairly, and not improvidently, or by fraud, or mistake, discharged by bonding, is simply to arrest her a second time for the same cause of action, after she has been discharged by bonding, from the lien or charge in respect of which she was arrested. To arrest her, under the same circumstances, in a new suit, for the same cause of action, is to do nothing more or less. In The Kalamazoo, 9 Eng. Law & Eq. 557, 560, Dr. Lushington says: "It is perfectly competent to take bail to the full value; but the effect of taking bail is to release the ship in that action altogether. It would be perfectly absurd to contend that you could arrest a ship, take bail to any amount, and afterwards arrest her again for the same cause of action. The bail represents the ship, and, when a ship is once released upon bail, she is altogether released from that action."

The libellant urges, that the fact that the former suit was discontinued, and that the costs therein were paid, before the present suit was brought, remits the libellant to all the rights which he had at the time he insti-

---

1 [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

2 [Affirmed in Case No. 13,856.]

tuted the former suit, and that such discontinuance operates to make the arrest of the vessel, in the present suit, an original arrest, and not a second arrest. This view overlooks the fact that the vessel was discharged on bond, on the 10th of July, 1857, and that the former suit was not discontinued until the 4th of March, 1858. The rights of the parties interested in the vessel were fixed by the bonding and discharge, and she then returned into their hands freed from the lien or charge for which she had been arrested, and from liability to be again arrested therefor. See Coote, Adm. Prac. p. 23. Such liability could not be renewed or recreated, against their consent, by the action of the libellants in discontinuing the suit. The fact that the suit was discontinued with the consent of the claimants therein, and that they received and accepted the costs of the suit, indicates no intention, actual or in law, to thereby subject the vessel to a second arrest, or to waive the rights in that respect which then belonged to them.

The fact that the vessel was bonded and discharged in the former suit without notice to the libellants makes no difference. It was not irregular, according to the established practice of the court at that time, to discharge the vessel on bond, without such notice being given. Besides, relief in that respect cannot be given in a collateral action. Any irregularity, if it existed, should have been corrected by a direct application to the court, in the former suit.

The libel must be dismissed, with costs.

[On appeal to the circuit court, the above decree was affirmed. Case No. 13,856.]