## THE HATTIE BELL.

### JOHNSON v. THE HATTIE BELL (WOOD et al., Interveners).

(District Court, D. Oregon. December 17, 1894.)

No. 3,486.

ADMIRALTY—REARREST OF VESSEL—WHEN PERMISSIBLE.

The rule allowing the rearrest of a vessel in case of misrepresentation and fraud or of an improvident release goes no further than to allow such rearrest before judgment, and after the cause of action has become res judicata there is no power in the court to order a rearrest.

This was a libel by A. H. Johnson against the steamer Hattie Bell. Z. C. Wood and others intervened, and petitioned for the rearrest of the vessel, and her condemnation in satisfaction of their claims, as set forth in their libel, under which the vessel had been previously arrested, and discharged upon bond.

James F. Watson, for petitioners.
Robert T. Platt, for claimant.

BELLINGER, District Judge. The Hattie Bell was heretofore libeled, at the suit of the petitioners, to enforce certain liens held by them, and was released upon a bond filed by the claimant. Upon her release the vessel was taken into the custody of a state court by the receiver of a company having a mortgage lien thereon, where she was subsequently sold on foreclosure, and passed by successive transfers to her present claimant, the Washougal & La Camas Transportation Company. The interveners in the suit referred to now petition the court, alleging that the bond upon which the release was had was a fraudulent bond; that the surety therein is without property, or ability to respond to the judgment entered thereon; that he signed such bond through the misrepresentations of the claimant of the vessel; and that the affidavit attached to such bond, purporting to be made by such surety, is false and forged,—and they pray for a rearrest of such vessel, and for her condemnation in satisfaction of the liens of the petitioners, as set forth in their libel.

Subsequent to the release of the vessel, the interveners, with notice of the claim made by the surety in the undertaking for the release of the vessel that a fraud had been practiced upon him, and that said bond was worthless, took a judgment in this court against the stipulators on such bond for the aggregate amount of their claims.

The rule allowing the rearrest of a vessel in case of misrepresentation and fraud, or of an improvident release, goes no further than to allow such rearrest before judgment, and in such case the power must be exercised with great care and caution. It is argued in support of the petition that there is a distinction between cases where it is sought to amend the libel so as to increase the amount claimed, and those cases where no such amendment is sought, and that this explains the restriction, upon the power of the court to order a rearrest, to cases that have not proceeded to judgment. I am of the opinion that such distinction does not exist. The reason why a rearrest will not be allowed after judgment is because the cause of action has passed into res judicata. It is true that, in the cases cited by the present claimant, applications were made to amend the libels so as to increase the amount of the claims, as well as for rearrests of the released vessels, but the refusal to order the rearrests had nothing to do with the question of amendment. There could be neither amendment nor rearrest, because of want of power in the court to direct either; the cause of action, as already stated, having become res judicata. If it was within the power of the court to grant the prayer of the petition, its exercise, upon the facts presented, would not be justified. In taking their judgment, the interveners chose to rely upon the bond, with knowledge of its character, or with such notice as has the effect of knowledge. The bond is not a nullity. The fraud that is charged in respect to it affects its sufficiency, not its obligatory character. The proceedings and sale in the state court were authorized by what was done here in the petitioners' case. The comity that exists between courts, and the importance that attaches to such sales as this, will not permit them to be disregarded, unless the authority is clear and the circumstances of the case imperatively demand it. The petition is dismissed.