## THE CLEVELAND.

(District Court, D. Washington, N. D. December 23, 1899.)

MARITIME LIENS—RELEASE OF VESSEL ON BOND—DISCHARGE OF LIEN.

A vessel which, after being seized upon a libel, is released, on giving a bond to secure the demand of the libelant, cannot be arrested a second time for the same cause of action, unless her discharge was obtained through fraud or mistake, even where the libel is dismissed without prejudice.

### In Admiralty.

A libel in rem against the same vessel, by the same libelants, for the same causes of action, and by others for similar causes of action, having been heretofore dismissed, after the vessel had been taken into custody by the marshal, and released upon the giving of a bond pursuant to section 941, Rev. St., conditioned to satisfy any decree which might be rendered in favor of the libelants, the claimant moved to dismiss the present suit, on the ground that the release of the vessel in the former suit freed her from any lien for the same causes of action. Motion granted.

Brady & Gay, for libelants.
White, Munday & Fulton, for claimant.

HANFORD, District Judge. This is a second suit in rem against the steamship Cleveland, by the libelants, to recover damages for the same cause of complaint. Upon a showing by affidavits, the court made an order allowing the libelants and others to sue in forma pauperis, and afterwards, upon evidence taken and submitted,

the court determined that the affidavits alleging the poverty of the libelants, and their inability to pay costs or give security for costs, was untrue, and, considering that there had been an abuse of the process of court without any reasonable excuse, made an order dismissing the case, without prejudice to the rights of the libelants to commence other suits for the same causes. The order of dismissal was made after the vessel had been released from custody upon a bond given pursuant to section 941, conditioned that the obligors should abide by and answer the decree of the court in the cause.

In the case of The Union, Fed. Cas. No. 14,346, it was decided by Mr. Justice Nelson that a vessel, after being discharged from arrest under admiralty process, upon the giving of a bond or stipulation, returns into the hands of her owner, subject to all previously existing liens or charges, the same as before the seizure, except as respects that on account of which the seizure was made; and this decision has been frequently cited as an authority supporting the proposition that a vessel discharged from arrest under admiralty process, upon giving a bond or stipulation for her value, or for the payment of the amount claimed in the libel, returns to her owner freed forever from the liens upon which she was arrested, and can never be seized again for the same cause of action, even by the consent of parties. The White Squall, Fed. Cas. No. 17,570; The Old Concord, Fed. Cas. No. 10,482; The William F. McRae (D. C.) 23 Fed. 557; The Mutual (D. C.) 78 Fed. 144. The supreme court of the United States has several times in its decisions cited the opinion of Justice Nelson in the case of The Union with apparent approval, and recognized the rule contended for by the claimant in this case, by deciding that a bond or stipulation given for the release of a vessel arrested under admiralty process is, in admiralty practice, a substitute for the vessel released; that a libelant may proceed in a second suit in rem, in another jurisdiction, upon a separate and distinct cause of action; and by dicta approving decisions holding that a court of admiralty may order a vessel to be again taken into custody, where her release has been obtained by fraud or mistake. See The Palmyra, 12 Wheat. 1, 6 L. Ed. 531; The Haytian Republic, 154 U. S. 118, 38 L. Ed. 930; U. S. v. Ames, 99 U. S. 35, 25 L. Ed. 295. The care taken in these decisions to set forth the particular facts upon which they are grounded argues that, in the opinion of the court, the general rule does not permit a vessel to be arrested a second time, for the same cause of action, after she has been released upon a bond given to secure the demand of the libelant.

This case does not come within any recognized exception to the general rule. The release of the steamer Cleveland was not obtained by means of fraud on the part of the claimant, nor was the decision of the court in the former case founded upon a mistake or misunderstanding of the facts. The court has not passed an order in this case directing that the vessel be again taken into custody, but the libelants are endeavoring to proceed as if the former suit had never been commenced, and as if it were permissible for them

to ignore the fact that in the former suit a bond to answer their several demands was received as a substitute for the security which they obtained by attaching the vessel. Upon the authority of the decisions above referred to, and other cases to which they refer, I am obliged to hold that the release of the steamship Cleveland in the former suit against her, by these libelants, discharged her absolutely from liability to answer the demands of the libelants in this case, and that the proviso in the order dismissing the former suit that the same was made without prejudice can have no other effect, as a saving clause, than to prevent the decree of dismissal from being set up in bar of subsequent suits in personam against the master or owners of the vessel. Motion to dismiss granted.