THE MT. DESERT.

(District Court, E. D. New York. February 3, 1911.)

1. ADMIRALTY (§ 54*)—STIPULATIONS FOR RELEASE OF VESSEL—CONSTRUCTION.
   A stipulation for value given by the claimant for the release of a libeled vessel, pursuant to a rule of the court in admiralty, takes the place of the vessel itself for all purposes of the suit, and is available for the payment of all sums decreed in favor of the libelant against the vessel, including interest and costs, notwithstanding the fact that an additional stipulation for costs has been given, and the amount recoverable thereon, and for which execution may issue, includes interest on the agreed value of the vessel from the date of the stipulation where it is so conditioned in accordance with the practice of the court.
   [Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 443–447; Dec. Dig. § 54.*]

2. ADMIRALTY (§ 54*) — STIPULATION GIVEN BY CLAIMANT — LIABILITY OF SURETY.
   Where a stipulation for value given by the claimant of a libeled vessel was conditioned for the payment of the amount awarded by final decree

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of the trial court "or by any appellate court if an appeal intervene, with interest," the waiving by libelant of further security on an appeal does not release the surety on the stipulation from the further payment of interest thereon, in accordance with its terms, or of costs of the appellate court.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 443–447; Dec. Dig. § 54.*]

3. ADMIRALTY (§ 54*)—STIPULATION GIVEN BY CLAIMANT—LIABILITY OF SURETY.

Under a stipulation given by a claimant in admiralty, conditioned that, if the stipulators fail to pay the amount of any decree against them, execution may issue against both claimant and his surety, both are principals, and no demand is necessary upon the claimant in order to justify a demand on the surety.

[Ed. Note.—For other cases, see Admiralty, Dec. Dig. § 54.*]

In Admiralty. Suit by the Consolidation Coal Company against the steamer Mt. Desert. On motion by libelant for judgment for costs against the surety on claimant's stipulation for value. Motion granted.

Davies, Stone & Auerbach, for libelant.
Wing, Putnam & Burlingham, for claimant.
Wallace Stevens, for American Bonding Co.

CHATFIELD, District Judge. The libelant, who brought action for certain supplies furnished to a steamer, the Mt. Desert, has made a motion for the payment of $121.98 costs, with interest, out of a stipulation for value given by the claimant and its surety. This is opposed by the surety on various grounds which will be taken up in turn.

It appears that under rule 7 of the District Court of this district (which has been in force for many years, and which, in common with other rules, this court had authority to promulgate, regulating practice in admiralty [The Fred M. Lawrence, 88 Fed. 910]), any person wishing to appear in the action is compelled to give a stipulation for costs upon filing his appearance. Further, under rule 17, similarly adopted, the claimant is required to give a stipulation for the fair value of the vessel, if he wishes to release the vessel from custody, but does not desire to pay the amount of her value into court, or give a general bond under section 941, R. S. (U. S. Comp. St. 1901, p. 692). The claimant thus obtains the use of his vessel, while the claimant or the surety has the use of the money represented by the undertaking during the same period.

Under these circumstances, the wording of rule 17 and questions as to the allowance of interest upon a claim, when finally embodied in a decree (whenever the award exceeded the amount of the stipulation), have resulted in an insertion in the stipulation that the agreed value, with interest from the date of the stipulation, may be recovered under an execution, if the decree be not paid.

In the present action the claimant gave a bond for $250 costs, with individual sureties, upon the 11th day of April, 1907, and both the

claimant and the sureties are admitted, for the purposes of this motion, to have no property which can be reached under an execution. The claimant also gave, upon the 12th day of April, 1907, a bond conditioned upon the payment by the claimant and the surety of the "amount awarded by final decree rendered by this court, or by any appellate court, if an appeal intervene, with interest," and the stipulation itself provided that, in the case of default on the part of the claimant or its sureties, execution for the value of the vessel (namely, $1,500), with *interest thereon* from the *date* of the *stipulation,* might be collected.

It appears from the record that upon the 14th day of April, 1909, a decree was entered awarding to the libelant $1,253 damages and $157.66 interest to the date of the decree, with costs amounting to $121.98, or a total of $1,532.64, and condemnation of the vessel was decreed for the recovery of that amount. It was also provided that, unless an appeal be taken, the stipulators perform their agreement or show cause within a certain time why judgment should not be entered and execution issued. These stipulators, it will be remembered, include both the claimant of the vessel and its sureties. An appeal was taken, but by the stipulation dated May 6, 1909, further security on appeal was expressly waived. The appeal was ultimately dismissed, and after the decision of the appeal, but before the entry of the mandate, the surety company paid the amount of damages and interest to the date of payment, namely, November 11, 1910. This amount then aggregated $1,543.94. The item of costs, both on the original decree and in the Circuit Court of Appeals, was withheld from the payment, and the present motion is to compel the payment of these costs, with interest, on the ground that the surety who executed the stipulation for value is jointly liable for the costs, as a part of the award originally granted by the decree, under the language of the conditions of that stipulation.

The surety company has opposed the application, because no attempt has been made to collect these costs from the stipulators for costs. They also suggest that no demand has been made upon the claimant, and hence that it is not in default or has not been contumacious, and for this reason, and because no additional security was required upon appeal, that the surety has been released from the payment of interest beyond the date of the original decree, or date of the waiver of further costs on appeal.

A stipulation for costs is required by the rules of this district, in order to avoid the unwarranted appearance of parties who do not intend to participate in the litigation in good faith and upon substantial grounds.

A release of the vessel, under rules 17 and 20 of this district, requiring that before such release the marshal shall be paid his charges and fees (while inconsistent with the idea of requiring additional security for costs, if the stipulation for value were demanded first) is not at all inconsistent with the requirement of a bond for costs, prior to or independent of the release of the vessel, as such matters actually happen in practice.

It is shown by the case of The Wanata, 95 U. S. 600, 24 L. Ed. 461, citing many authorities both in this country and in England, that the stipulation for value, like a payment of a sum stipulated into court, takes the place of the vessel itself, for all purposes in the action, and that the fund so stipulated is available for the purposes of a decree, to the same extent as the vessel would be if still in the marshal's custody for sale. The fact that an independent or additional stipulation for costs is on file would have nothing to do with the payment, out of the fund derived from a sale of the vessel, of all amounts properly awarded in the decree against the vessel itself, and hence both interest and costs, to the amount of the value of the vessel, or of the fund in court, would be paid out of that fund before resorting to any other stipulation unless a decree, awarding costs against the party giving the independent costs stipulation, had been separately imposed for items not included in the decree against the vessel. The Madgie (D. C.) 31 Fed. 926.

This disposes of the principal contention of the surety company herein, and the case at bar. would be substantially like The Wanata Case if the claimant and its stipulators had given a bond on appeal. But, by waiving that bond, the libelants left the amount of their total security as it had been before the appeal was taken. In The Wanata Case, the stipulators apparently bound themselves to pay the flat sum of $16,000 as the stipulated value of the vessel, and, in the case of their neglect or contumacy, to pay any costs and interest occasioned thereby.

The stipulation in question here is not so worded. In the present case the stipulators agreed that the vessel was worth $1,500. and they bound themselves, not for that amount, but, in case the stipulators (that is, the claimant and the surety company as well) did not pay the decree in question as ordered, that then they should be liable for the sum of $1,500, with interest from the 12th day of April, 1907.

It was not until the 11th day of November, 1910, that they stopped the running of this interest by a payment of the item of damages and interest thereon. So on this point the language of the stipulation determines the question. In The Wanata Case, interest was not included, as the damages apparently amounted to more than the agreed sum covered by the stipulation, and the award, therefore, was simply for that amount. In the present case the damages amounted to considerably less than the amount of the stipulation, and the entire amount stipulated was therefore available for the payment of the decree, to the same extent that the amount would be available if the vessel had been sold and the funds were in the hands of the marshal.

The stipulation in question further provided that the stipulators—that is, the claimant and its surety—should pay the amount of any decree awarded by this court, or any appellate court if an appeal intervened, and, while the waiver of additional security would estop the libelant from claiming anything as to which the original surety had been released by such a waiver of further protection, nevertheless, again, the language of the bond obligated the surety in the original stipulation, even as to an appeal, if an appeal was taken without the additional bond.

The giving of an additional bond might have changed the rights and liabilities of the sureties, and therefore the additional bond might be available, if one had been given; but the waiver leaves the parties as they were, and the claimant is bound to carry out his agreement.

It is further urged that it would be inequitable to compel the surety company to pay the amount of the decree, with interest from the time of the stipulation until the present, inasmuch as the libelant waived the additional security on appeal, and also failed to make a demand, either then or at the time of affirmance, for the payment of the decree. But, under the theory of the stipulation in question, the surety is a principal. The condition is that, if the claimant or the surety pay the amount of the decree, the stipulation shall be void, but that otherwise the person entitled may have judgment and execution against both parties. On such a stipulation no demand is necessary upon the claimant, in order to justify the demand upon the surety, and the use of the money is supposed to be equal to the interest accruing.

This determination also answers the last objection of the surety company, to the effect that a fruitless levy against the stipulators for costs should be shown as a basis for any demand for costs against the stipulators for value. But as appears from the decision in The Wanata Case, supra, the possibility of looking to the stipulation for costs, or to an additional stipulation upon appeal, to help out in the case of a deficiency in the fund representing the vessel, will not relieve that fund from primary obligation for the payment of the decree, to the extent that it exists for that purpose.

The motion to compel the surety company to pay the balance left unpaid on November 7, 1910, together with the additional amount of costs provided in the decree upon the mandate of the Circuit Court of Appeals, must be granted, and the libelant may have judgment therefor, if payment be not made within such time as may be specified in the order upon this motion.