### THE JULIA LUCKENBACH.

(District Court, S. D. New York. November 8, 1912.)

ADMIRALTY (§ 50*)—BRINGING IN NEW PARTIES.

Under rule 15 of the District Court for the Southern District of New ·York, which permits a defendant on a sworn petition to bring in another as a defendant in analogy with the provisions of admiralty rule 59 (29 Sup. Ct. xlvi) in a suit in rem against a vessel and in personam against her charterer to recover cargo damage exceeding the valuation of the vessel, the charterer is entitled to bring in the owners personally as respondents on allegations of the unseaworthiness of the vessel.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 414–429; Dec. Dig. § 50.*]

In Admiralty. Suit by the W. J. McCahan Sugar Refining Company against the steamship Julia Luckenbach, with the Insular Line impleaded. On petition by the Insular Line for leave to bring in the claimants as respondents. Petition granted.

Kneeland, Harrison & Hewitt, of New York City, for plaintiffs.

Peter S. Carter and Convers & Kirlin, all of New York City, for defendants.

WARD, Circuit Judge. The libelant Sugar Refining Company filed 'a libel to recover cargo damage against the steamship Luckenbach in 'rem and against the Insular Line, the charterer, in personam. The owners of the steamship appeared as claimants, had her value fixed 'by agreement at $60,000, and gave a stipulation for her release in that amount. Subsequently the libelant, discovering its actual loss to be $87,500, was permitted to amend the libel so as to make claim in this sum. It has not made the owners parties in personam as it might have done. The Monte A. (D. C.) 12 Fed. 331; The J. F. Warner (D. C.) 22 Fed. 342. I think it quite clear that the owners of the steamship are now in the cause only as claimants, and that their liability is restricted to the amount of the stipulation.

··The charterer now files a petition for leave to bring the owners in under rule 15 of the District Court, which is as follows:

"If a defendant shall, by petition on oath, filed before answer, or within such further time as the court may allow, allege fault in any other party, in respect of the matters complained of in the libel, or shall allege that he is entitled to contribution or indemnity from any other party in respect of such matters, and shall pray that such other party be brought into the suit as a party defendant in analogy with the provisions of admiralty rule 59 of the Supreme Court, process on such petition may be issued and the cause shall proceed otherwise as in cases under the Fifty-Ninth rule."

The owners of the steamship except to this petition on the ground that they are already in the action as claimants; but the charterer

asks to bring them in as respondents. In that capacity, if the libelant prevails and the owners fail to make good their claim to limitation of liability pleaded in their answer, they will be liable to the libelant for the full cargo damage. For so much of the decree as the charterer has to pay it will be entitled to indemnification from the owners because of the warranty in the charter party that the vessel was seaworthy at the beginning of the term and that they would so maintain her. In this way the rights of all the parties can be settled in this suit. I think the petition quite in line with the spirit of Supreme Court rule 59 (29 Sup. Ct. xlvi) and with the express provisions of District Court rule 15.

Exceptions overruled, and prayer of the petition granted.