## In re JOHN B. ROSE CO. In re ROSE BRICK CO. In re CORNELL STEAMBOAT CO.

### (District Court, S. D. New York. December 26, 1918.)

1. ADMIRALTY ⊕⊃57—ARREST—RELEASE—RE-ARREST.

While normally a vessel, once arrested and discharged, may not be re-arrested for the same cause of action, yet if the stipulation was entered into improvidently, or through fraud or mistake, the court may order a new arrest; so, where vessels libeled for towage service were released, they may be re-arrested on an amended libel setting forth other items, provided such items constitute separate causes of action, but not if the items which were omitted from the original libel were part of the several breaches of a single contract.

2. ADMIRALTY ⊕⊃57—ARREST—RE-ARREST.

The rule that a vessel, once arrested and discharged, may not be re-arrested for the same cause of action, unless the stipulation was entered into improvidently, or through fraud or mistake, is designed to compel the libelant to state his cause once for all, and the mistake, etc., must go to the supposed value of the vessel to warrant re-arrest.

In Admiralty. Libels against certain canal boats, which were claimed by the John B. Rose Company, the Rose Brick Company, and the Cornell Steamboat Company. On libelant's motion to amend the libel and re-arrest the boats. Motion to re-arrest denied.

The case came up on a motion to amend a libel in rem against certain canal boats for towage charges and to re-arrest the boats. The original libel set forth a series of charges for towage of the several boats at different times; they were arrested, and released on stipulations for the amounts claimed. It then transpired, as this petition asserts, that the libelant had, "through error and the inadvertent omission of items," erroneously stated the amount of the claims, and that there were due largely increased bills for towage.

Kirlin, Woolsey & Hickox, of New York City (Victor W. Cutting, of New York City, of counsel), for libelant.

George E. Hargrave, of New York City, for claimants.

LEARNED HAND, District Judge. [1, 2] Normally a vessel, once arrested and discharged, may not be again arrested for the same cause of action. The Union, 4 Blatchf. 90, Fed. Cas. No. 14,346; The White Squall, 4 Blatchf. 103, Fed. Cas. No. 17,570; The Thales, 3 Ben. 327, Fed. Cas. No. 13,855; Id., 10 Blatchf. 203, Fed. Cas. No. 13,856; The William F. McRae (D. C.) 23 Fed. 557; The Mutual (D. C.) 78 Fed. 144. There has always been a condition imposed upon the rule that if the stipulation was entered into "improvidently,"

or through "fraud or mistake," the court might order a new arrest, and Justice Clifford approved that condition in U. S. v. Ames, 99 U. S. 35, 25 L. Ed. 295. I have no doubt that it exists. It was extended in The I. F. Chapman, 241 Fed. 836, 154 C. C. A. 538, by the Circuit Court of Appeals for the First Circuit to a case where, in a libel for personal injuries, the libelant later raised his damages, and upon trial recovered more than he had originally claimed. The circumstances justifying the re-arrest were held in that case to be matter of discretion for the District Court, and an order was affirmed, though the first stipulation covered the damages then claimed.

In the case at bar there is no suggestion that the sum fixed in the stipulation was wrong through "fraud or mistake," nor was the amount "improvidently" reached. The trouble was in stating the original items in the libel. Apparently some of the towage services were omitted; at least, that is the more reasonable explanation of the language. Each of these may have constituted a separate cause of action, being by separate contract. If so, I know of no obligation on the part of the libelant to join them all in one libel. In such case it would not be as though they had constituted several breaches of a single contract. If they really are each several separate engagements, I think the rule does not apply.

If, on the other hand, the errors were those of incorrect statement of the amount of the several services, I apprehend that the rule would prevent any re-arrest. It is designed to compel the libelant to state his claim once and for all, and to discharge the vessel finally of the lien, and the mistake or the like, as I read the cases, must go to the supposed value of the vessel, not to the statement of the claim. The I. F. Chapman, supra, does, indeed, extend the rule further; but the cases in this circuit do not go so far.

Hence, if the libelant had a series of independent contracts, so that it need not have joined all in one libel, I see no objection, by way of amendment here, to allow them to be set up and to allow a re-arrest; but, if the correction be in the amount of the several services originally pleaded, I shall not allow it. The papers do not show these facts, and the motion to re-arrest must be denied, but with leave to file further affidavits, if the libelant be so advised.