## THE COMANCHE.

### No. 7084.

District Court, W. D. Washington, N. D.
Dec. 8, 1922.

Cosgrove & Terhune, of Seattle, Wash., for libelant.

Huffer & Hayden, of Seattle, Wash., for respondent.

Bronson, Robinson & Jones, of Seattle, Wash., for claimant.

NETERER, District Judge (after stating the facts as above).

The respondent contends that under Admiralty Rule 56 it has a right to this proceeding, and the claimant contends that, there being but one cause of action before the court, and the claimant having filed its bond as provided by law and court rule to satisfy any decree of the court, the vessel for all purposes was before the court at the time of the rearrest, and that there is no warrant of law for such proceeding. It is obvious from the record that no new party has been brought in. Rule 56 provides that "the claimant or respondent (as the case may be) shall be entitled to bring in any other vessel or person * * * who may be partly or wholly liable, either to the libelant or to such claimant or respondent by way of remedy. * * *"

There is but one cause of action, and respondent's petition does not modify or enlarge the original claim. The respondent does not seek to bring in the claimant as a respondent. The filing of the bond or stipulation discharged the vessel from arrest upon the admiralty process; and the return of the vessel, in the language of Judge Brown, in The William F. McRae (D. C.) 23 F. 557 at page 558, "to her owner freed [her] forever from the lien upon which she was arrested, and can never be seized again for the same cause of action." This was followed by Judge Townsend in The Mutual (D. C.) 78 F. 144. Judge Choate in The Nahor (D. C.) 9 F. 213, 214 said a vessel " * * * having given bail * * * was not liable to be again arrested for the same cause of action." The Julia Luckenbach (D. C.) 200 F. 976, and The Cetriana (D. C.) 232 F. 175, relied upon by the respondent, I do not think have application here. In The Cetriana, another vessel was brought in, charged as contributing to, if not causing, the damage; and The Luckenbach was originally libeled for a stated amount and the vessel released and thereafter additional damages were discovered and the libel amended and the vessel rearrested, and the charterer asked to bring claimant in as respondent. Any number of arrests would

332

not bring the respondent vessel before the court more fully than the one arrest, and, when it is before the court, it is for all purposes within the demand. The Epsom (D. C.) 227 F. 158. If the vessel was at fault, it must be so adjudged, and the stipulation of claimant must satisfy the damage, and the issue is fully determined, there being no other claim or demand.

I think the motion of the claimant should be granted, and it follows that the costs entailed by the claimant by reason of the second arrest must be taxed against the respondent.