## THE PROVIDENCE.

### (District Court, D. Rhode Island. November 9, 1923.)

### No. 1503.

1. **Admiralty �köm32—Stipulation for value brings property within the district for jurisdictional purposes.**

    Under the provision of admiralty rule 22 (267 Fed. xii), requiring a libel in rem to state "that the property is within the district," though the vessel is not within the district when the libel is filed, the court acquires jurisdiction on the filing by claimant of a stipulation for value, as a substitute for the vessel, which brings the "property" within the district.

2. **Admiralty ⊙κοπ50—Claimant may bring in third party, against whom it may have a remedy over.**

    Under admiralty rule 56 (267 Fed. xxi), a claimant may bring in a third party, on suitable allegations showing that it is entitled to a remedy over against such party in case its vessel is held liable to libelant, though denying such liability.

3. **Admiralty ⊙κοπ50—Party should not be brought in to affect his testimony as a witness.**

    Admiralty rule 56 (267 Fed. xxi) should not be resorted to for the purpose of affecting the testimony of a witness, by bringing him in as a party on a claim of contingent liability.

4. **Admiralty ⊙κοπ50—Libelant cannot be compelled to proceed against the vessel and a third party, brought in by claimant as alternative defendants.**

    That a claimant has brought in a pilot, on an allegation of his contingent liability to claimant, cannot compel libelant to proceed against claimant and pilot as alternative defendants.

5. **Admiralty ⊙κοπ50—Whether a party brought in is charged with liability to libelant, or contingent liability to claimant, may require different procedure.**

    Admiralty rule 56 (267 Fed. xxi) should be applied with careful discrimination between parties brought in as jointly or alternatively liable to libelant and those brought in because of liability over to claimant.

In Admiralty. Suit by the Standard Oil Company of New York against the steamship Providence. On exceptions of libelant and Dennis A. Mugan, pilot, to claimant's petition to join Mugan as a party under admiralty rule 56. Exceptions overruled.

Francis I. McCanna and Lee & McCanna, all of Providence, R. I., for libelant.

Loomis & Jones, of New York City, for claimant.

Frank Healy, of Providence, R. I., for Mugan.

BROWN, District Judge. The libel in rem against the steamship Providence, filed February 24, 1922, is for the recovery of damages alleged to have been caused to certain vessels of the libelant which were moored near or at the dock of the Standard Oil Company at Riverside, East Providence, R. I.

It is charged that the Providence proceeded at such excessive rate of speed, and caused such disturbance of the waters, as to part the lines of libelant's vessels, damage the dolphins to which they were moored, and inflict damage to the amount of about $5,000.

The usual warrant and monition was issued February 24, 1922, and was filed March 1, 1922, without return by the marshal, bearing the following indorsement:

"Due and sufficient service of the within warrant and monition is hereby acknowledged. Loomis & Jones, Proctor for S. S. Providence."

[1] May 31, 1922, answer was filed by Compagnie Française de Navigation à Vapeur, claimant. On the same day a petition was filed by the claimant, under admiralty rule 56, against Dennis A. Mugan, a licensed pilot engaged to take the Providence down the channel and out to sea. Monition was issued to the pilot, Mugan, who, on June 27, 1922, filed exceptions to the claimant's petition, denying the jurisdiction of this court on the ground:

"That it nowhere appears in the record of said cause that said vessel, either actually or constructively, was within the jurisdiction of this court at the time said libel was filed, on the 24th day of February, nor since said date up to the present time."

Subsequently, on July 18, 1922, there was filed by the claimant a stipulation for value in the sum of $5,000, which was approved by the proctors for the libelant.

Admiralty rule 22 (267 Fed. xii) provides that:

"All libels in instance causes, civil or maritime, shall be on oath or solemn affirmation and shall state the nature of the cause, as, for example, that it is a cause, civil and maritime, of contract, or a tort or damage, or of salvage, or of possession, or otherwise, as the same may be; and if the libel be in rem, that the property is within the district," etc.

The allegation of the original libel was that the steamship Providence, her engines, boilers, etc., "is or will be, during the pendency of process herein, within this district and within the jurisdiction of this honorable court." That allegation was admitted by the second paragraph of claimant's answer.

It is the contention of Mugan, the pilot, that in order that this court may have jurisdiction it must appear that at the time of filing the libel and issuing the process the vessel was actually within this district, and that, as against him at least, no consent of parties can confer jurisdiction. It is not contended that an actual seizure is essential to give jurisdiction. It is conceded that this may be obviated by appearance and giving bond to the marshal, or by stipulation for value; but it is contended that the vessel must be within reach of the court's process. While it is required by admiralty rule 22 that there shall be an allegation "that the property is within the district," a res is not necessarily a vessel, and a stipulation for value, which is a substitute for the res, being now on file, I am of the opinion that, whatever force there might have been in Pilot Mugan's objection to jurisdiction prior to the filing of the stipulation, the situation is materially changed by the fact that a substitute for the res is now within the control and subject to the disposition of the court, according to its finding of the merits of the cause of action.

October 30, 1922, after the filing of the stipulation, Pilot Mugan filed further exception to the claimant's petition to add him as a party, to be urged in case his previous exception should be overruled.

[2] The libelant, the Standard Oil Company, has filed exceptions to the joinder of the pilot, on the ground that the ship cannot shift to the pilot its obligation to respond in damages, and that, even if the pilot is responsible over to the ship, it is a liability with which libelant is not concerned. This, however, should not deprive the claimant of the right, under rule 56 (267 Fed. xxi), to bring in a party liable to the claimant by remedy over, growing out of the same matter.

That the joinder in an action in rem of a party who has no interest in the res, and whose liability, contingent upon the liability in rem, is a liability in personam to the claimant, may be a source of some inconvenience at the trial, is apparent.

Admiralty rule 56 declares that:

" * * * The claimant * * * shall be entitled to bring in any other vessel or person (individual or corporation) who may be partly or wholly liable either to the libelant or to such claimant or respondent by way of remedy over, contribution or otherwise, growing out of the same matter."

It is provided, however:

" * * * Such petition shall contain suitable allegations showing such liability, and the particulars thereof, and that such other vessel or person ought to be proceeded against in the same suit for such damage, and shall pray that process be issued against such vessel or person to that end. Thereupon such process shall issue, and if duly served, such suit shall proceed as if such vessel or person had been originally proceeded against."

Upon the whole rule, it would appear that the language, "shall be entitled to bring in any other vessel or person," is qualified by the requirement that the petition should contain suitable allegations showing liability, and that the person summoned in ought to be proceeded against in the same suit for such damage.

Mugan, the pilot, also excepts on the ground that the claimant's petition does not show facts upon which the pilot would be liable over, but, on the contrary, shows affirmatively that the navigation of the Providence, while under his charge, was without fault.

While it is true that the petitioner alleges "said damage was not caused or contributed to by any fault or negligence on the part of the petitioner or the said steamer Providence," it proceeds:

" * * * But if, and to the extent that, it was not solely due to libelant's own negligence and want of care, was due to the negligence and fault of the said Dennis A. Mugan, the pilot in charge of the steamship Providence, in the following particulars, among others:

"(1) In that he failed to advise the petitioner and/or the master of the steamship Providence of the condition of the channel and of the waters in the said channel and in the Providence river before the said vessel left her berth at the state pier.

"(2) In that he negligently permitted the steamship Providence to leave her berth at the state pier and to proceed down the channel at a time when the water in the said channel and in the river was at low ebb.

"(3) In that any faulty navigation of the steamer Providence, if any such should be found, was initiated, directed and maintained by him in his capacity of compulsory pilot in sole charge of the steamer's navigation."

While the liability of the pilot is made contingent upon liability of the vessel, which is denied, the claimant's denial of libelant's charge of fault does not estop him from remedy over against the pilot in case

liability of the vessel should be established. The Burma, 8 Asp. M. C. 547, affords an example of similar pleading.

Rule 56 would be of little practical value to one who has a remedy over, if a claimant's denial of liability in rem should be regarded as an election to abandon all remedy over against third persons. It is obviously the purpose of the rule to try out doubtful questions arising from circumstances involving the acts of several vessels or persons, and to bring in persons to respond to alternative findings of the court, and to make decrees for exoneration, or contribution, or liability over, as the case may require, and to enforce a remedy over.

Modern practice allows a plaintiff to join several defendants when in doubt as to which are liable. It is equally just to allow a defendant who doubts and contests his liability to bring in those liable over. It is a familiar general principle that one who is primarily liable may make a judgment against him binding upon one liable over, by giving him notice and opportunity to defend.

"As a deduction from the recognized right to recover over, it is settled that where one having such right is, sued, the judgment rendered against him is conclusive upon the person liable over, provided notice be given to the latter, and full opportunity be afforded him to defend the action." Washington Gaslight Co. v. Dist. of Columbia, 161 U. S. 316, 329, et seq., 16 Sup. Ct. 564, 569 (40 L. Ed. 712).

[3] Rule 56 is an extension of this principle to admiralty practice, with provision for enforcement by decree against the party liable over. Rule 56, however, should not be resorted to for the purpose of affecting the testimony of a witness. A party should not be brought in merely in order to create bias as a witness.

In The Germanic, 8 Asp. M. C. 116, 118, the question of the joinder of a pilot was considered as a question of discretion. While the right of the pilot to a jury trial was given weight in setting aside an order for joinder on the ground of inconvenience in trial, and while that reason is inapplicable to the present case, in which the pilot has no right to claim a jury trial, yet the following remarks of Lord Esher, M. R., seem pertinent:

" * * * But for some shadowy motive, which I cannot appreciate, they want to deal with the pilot by way of threatening him in some way, so as to affect the evidence which they think it is not improbable that he may give. I think that on the one side there is every probability of inconvenience, and on the other truly no inconvenience at all, and there is no good ground which can be frankly stated why they should want to sue the pilot in this case. Therefore I think the proper course is to refuse the application to join him."

It is doubtless a hardship to compel a party whose liability is contingent only, to become against his will a party to litigation against the person primarily liable. Ordinarily, upon receiving notice of litigation, he has the option of appearing and assuming a burden of defense, or of declining to appear and assuming the risk that a judgment inter alios may be binding upon him. Rule 56 provides, however, that upon the service of process "such suit shall proceed as if such vessel or person had been originally proceeded against; the other parties in the suit shall answer the petition; the new party shall answer the libel," etc.

As the pilot is to be brought in by the petitioner upon charges of fault not made in the libel, but in the petition, it would seem more reasonable to require him to answer the petition. If the pilot answers the original libel, he may merely unite with the claimant in denying the mismanagement of the ship. The issues between the claimant and pilot will still remain to some extent distinct.

The libelant has reason to object to becoming a party to a contest between the claimant and pilot over charges of fault which are contained in the petition, and not in the libel.

[4] Having elected to proceed in rem, the libelant should not be compelled to establish the liability in personam of the pilot to the claimant. That the claimant has alleged the contingent liability of the pilot to the claimant does not compel the libelant to proceed against claimant and pilot as alternative defendants.

The claimant's petition for process against the pilot is in the nature of what is termed in English practice "third party procedure" (see Annual Practice 1918, p. 283, O. 16, r. 48), intended to apply to clear cases of contribution and indemnity; the scheme of the rules being to make the proceeding in many cases an independent proceeding, in which the defendant is to be the actor. Under O. 16, r. 49, in default of appearance the third party shall be deemed to admit the validity of the judgment against the defendant and his own liability to contribution or indemnity. Upon appearance he may apparently contest the plaintiff's claim against defendant, or, at his option, merely his liability to the defendant. O. 16, r. 52, makes provision for the trial at or after the trial of the action, as the court may direct, of the question of the liability of the third party to indemnity as between him and the defendant giving the notice to bring him in.

Under this procedure there is no jurisdiction to give judgment for plaintiff against third parties as if they were defendants. If the plaintiff desires such judgment, he should amend and make the third parties defendants. As against the plaintiff the third party can avail only himself of those defenses which the defendant has raised. See, also, O. 16, r. 53.

[5] It is apparent from these rules of practice that our own rule 56 should be applied with a careful discrimination between parties brought in as jointly liable or alternatively liable to the plaintiff, and those third parties brought in because of liability over to the defendant or claimant. Rule 56 provides:

"* * * Such further proceedings shall be had and decree rendered by the court in the suit as to law and justice shall appertain."

Under this provision it should be possible to avoid compelling a plaintiff to try his action in rem against a vessel primarily liable, so as to include an action in personam against a pilot or other third party against whom he makes no claim, and whom the claimant has no right to substitute in his stead as the party primarily liable.

As under the substantive law the res is primarily liable, the claimant cannot exonerate the res and destroy its liability by substituting at his own choice a party defendant who is liable in personam. The

plaintiff is entitled to claim the res, and cannot be compelled to accept instead a judgment against the pilot.

As rule 56 covers two distinct subjects, the addition of parties defendant to the main cause of action, and the bringing in of a third party for a.defendant's remedy over, the court may so adjust the proceedings as to preserve the rights of the plaintiff in the main action and also the rights of the claimant to indemnity on remedy over. The procedure for making a judgment against the defendant binding upon a third party who may be liable over is in accord with general principles applicable both in law and in equity, and there is power to so conduct the proceedings that a third party who does not care to contest the defendant's liability may contest his own liability to the defendant.

The exceptions of the libelant and of Dennis A. Mugan, pilot, are overruled. A draft order may be presented accordingly.