## J. K. WELDING CO., Inc., v. GOTHAM MARINE CORPORATION.

## THE NEW ENGLAND.

District Court, S. D. New York.

Jan. 22, 1931.

Abraham Eisenstat, of New York City, for the motion.

Macklin, Brown, Lenahan & Speer, of New York City (Edmund F. Lamb, of New York City, of counsel), opposed.

WOOLSEY, District Judge.

The motion to amend the ad damnum paragraph of the libel is granted if—despite what I hereafter say—the libelant elects that course.

The motion to compel the giving of additional stipulation for value is denied.

A reference to a commissioner to hear and report is granted.

I. A motion to amend the libel and increase the claim for damages should properly be granted at this stage of the litigation. To what extent it will be of benefit to the libelant in a proceeding in rem is, however, somewhat doubtful, for the reasons hereinafter given.

It may be, of course, that, when all the items of the claim herein involved are put in evidence, some may prove not recoverable, and the amendment to the libel, allowing an increase of the claim, may thus be of assistance to the libelant, if successful, in exhausting the amount of the res to which his claim in a proceeding like this must be limited.

II. In the instant case, the tanker New England was arrested under process in rem issued out of the clerk's office on September 26, 1930.

The claim of the Gotham Marine Corporation and a stipulation for value, as agreed, in the sum of $7,645.60, containing the usual provision of submission by the stipulators to the decree of this court, were filed on September 30, 1930.

III. Habit has so much overlaid our thought in many practice matters that their skeletal anatomy oftentimes becomes blurred in our minds.

Even at the risk of seeming to illustrate the obvious, it may not be amiss, therefore, to consider what the filing of a claim for an arrested vessel really means procedurally.

The theory of the release of a vessel, sued in rem, by the filing of a claim at the instance of her owner, or any one else who is presently entitled to possession of her, is that the claimant must substitute, for the purpose of the suit, an equivalent of her agreed or appraised value.

█ The claimant is not a party in such a case except to the extent of his res, which is his stake in the litigation, and his signature to the stipulation for value does not submit him to the jurisdiction of the court to a greater extent, or subject him to liability for a greater amount, than that for which he stipulates to be liable. The court's jurisdiction is not personal over the claimant but in rem over the stipulation for value. See in this connection Judge Hough's remarks in The Manhattan (D. C.) 181 F. 229, at page 335. Cf. The Sebastopol (D. C.) 47 F.(2d) 336, decided January 12, 1931, and cases there cited.

The claimant is really an actor in the litigation, an intervener who comes and asks for his property and agrees to secure the libelant to the extent of the amount in suit, or, if that amount exceeds the value of the vessel, to the extent of her value as agreed between the parties or fixed by the court on appraisal or otherwise.

The earliest reported case which I have been able to turn up in the time at my disposal dealing with the question of stipulation for value made on the basis of the damages actually claimed instead of the statutory bond for twice the damages claimed (which has been provided for since the Act of August 4, 1790 (1 Stat. 176), and is still allowed under title 28, U. S. Code § 754 (28 USCA § 754), is the case of Peru v. The North America, 19 Fed. Cas. page 309, No. 11,017a, in which the government of Peru in 1853 filed a libel in rem in this district against the steamship North America for breach of a charter party. The claimants of the steamship made a motion to discharge the steamship from custody on giving bail for $40,000, which it was contended was twice the damages recoverable because the charter party had a penalty clause for $20,000.

After dealing with the effect of penalty clauses, and holding that, on a motion to discharge a vessel from custody and the fixing of bail as a condition precedent to such discharge, he could not properly pass on a ques-

tion as much mooted as that of the penalty clause, Judge Betts decided that he would have the case start with the question of damages at large and require a bond sufficient in his opinion to secure in full the amount of the damages possible to recover.

He said (19 Fed. Cas. No. 11,017a, at page 310):

"I shall accordingly deny the motion to discharge the ship on giving bail in the sum of $40,000, but I consider the amount claimed by the libel, the extent to which stipulations for the delivery of the vessel ought to be bound, according to the course of admiralty courts. The recovery cannot, in a money demand, be beyond that sum, and security for its payment is all that the libellants are entitled, in equity, to demand. The stipulation is not for the value of the ship, but to cover the amount in contestation. Dist. Ct. Adm. Rules 39, 40.

"The ordinary stipulation on intervening is intended to cover such costs as may be awarded. The order will accordingly be that the ship be discharged on a sufficient bond or stipulation executed by the claimants in the sum of $50,000."

On the nature of stipulation for value or a statutory bond, see, also, The Mt. Desert (D. C.) 186 F. 395; and Lamprecht v. Cleveland-Erieau S. S. Co. (D. C.) 291 F. 876, 880.

█ IV. The owner of a vessel is not compelled to bond her or file a stipulation for value. He may let her lie until the final decree, and, if she is held liable, let her be sold, as was done in the case of The Attualita (D. C.) 241 F. 530, although the fact is not shown in the reports.

But usually, as was done here, and as is well known, an arrested vessel is released on a stipulation for value covering the amount claimed in the libel, with interest.

█ A stipulation for value is an agreement with the court by the claimant involving the substitution by the claimant of a chose in action against himself—usually, of course, with joint stipulators for security's sake—as the res to take the place of the vessel or other property sued in rem.

Whilst a court cannot compel a party to give a bond or enter into a stipulation for value, it can make the filing of a bond or the giving of such a stipulation a more agreeable alternative than the arrest or attachment of his vessel or person and their detention pendente lite, or it can require a bond as a condition of the privilege of appeal from a

judgment, or, pending appeal, for a stay of execution on a judgment or decree by which the losing party may feel aggrieved.

In all these cases the disagreeable alternative is the sanction which the court exercises.

Here that sanction does not exist, for, by the giving of the stipulation for value in this case, the claimant's vessel was discharged of the lien which the libel claims.

The stipulation for value here given has taken the place of the New England for all the purposes of this libel. She cannot be rearrested for the cause of action therein stated. The Union, 4 Blatch. 90, 24 Fed. Cas. pages 535, 537, No. 14,346; The White Squall, 4 Blatch. 103, 29 Fed. Cas. pages 1052, 1053, No. 17,570; The Nahor (D. C.) 9 F. 213; The William F. McRae (D. C.) 23 F. 557, 558; The Hattie Bell (D. C.) 65 F. 119; The Mutual (D. C.) 78 F. 144; The Cleveland (D. C.) 98 F. 631; The Comanche (D. C.) 47 F.(2d) 331, 1923 A. M. C. 201.

I might perhaps mention here that Judge Thacher's decision in Re Atlantic, Gulf & West Indies S. S. Co. (The Agwisun) 20 F. (2d) 975 (D. C.) is not an exception to the rule, for the reasons given by me in The Penn Fuel, 36 F.(2d) 272 at page 274.

The stipulation for value is a complete substitute for the res, and the stipulation for value alone is sufficient to give jurisdiction to a court because its legal effect is the same as the presence of the res in the court's custody.

In The Frank Vanderkerchen (D. C.) 87 F. 763, 765, Judge Kirkpatrick discussed at some length the law upon this subject. But perhaps the most noteworthy case involving this question is The Providence (D. C.) 293 F. 595, in which Judge Arthur Brown held, at page 596, that, although admiralty rule 22 (28 USCA § 723) required a libel in rem to state "that the property is within the district," even if the vessel were not within the district when the libel was filed, the court would acquire jurisdiction on the filing by the claimant of a stipulation for value as a substitute for the vessel, because it would in effect bring the "property" within the district for the purposes of the suit. In other words, it is as possible to have a voluntary appearance of the res in a suit in rem when the res is outside of the territorial jurisdiction of the court as it is to have a voluntary appearance in a suit in personam when the person is outside such jurisdiction.

It has been held by the United States Supreme Court on a number of occasions that the bond is a substitute for the res, so that in any given case the court can exercise as much authority over it as if the vessel itself were in the custody of the court, but no more. Cf. The Palmyra, 12 Wheat. 1, 10, 6 L. Ed. 531; The Webb, 14 Wall. 406, 418, 20 L. Ed. 774; The Wanata, 95 U. S. 600, 611, 24 L. Ed. 461; United States v. Ames, 99 U. S. 35, 25 L. Ed. 295.

V. A stipulation for value is like any other contract. It is based on a consideration, the release of an arrested vessel, or the undertaking not to arrest a vessel against which a claim in rem is pending. It means to the shipowner the freedom of his ship and to the libelant a new security of unfluctuating value in the place of the vessel.

A stipulation for value cannot, therefore, be lightly set aside. Fraud, which is not here involved, is, of course, a reason for so doing, but a unilateral mistake, such as a statement of the libelant's claim at too small a figure, is not such a reason. Cf. In re John B. Rose Co., 254 F. 367, 368, where the practice in this district is set forth.

VI. The additional amount now claimed by the libelant necessarily must arise either (1) under the original contract on which the libel was filed, and thus would represent an understatement of the amount due thereon, or (2) under a separate agreement from that alleged in the libel, and so would constitute a separate cause of action on which, if the libelant wishes, a new libel may be filed and a new arrest of the vessel had.

The amendment to the libel which I have here allowed, whether the first or the second situation is involved here, can be taken care of under the stipulation for value now on file up to the limit of its amount. For, although a new cause of action may be involved, by the terms of the stipulation for value now on file, the stipulators agree with the court to abide by the decree herein up to the amount of the stipulation, and any amendment deemed proper by the court would necessarily be covered by the decree entered in the suit. The Lydia, 1 F.(2d) 18, 23, 24 (C. C. A. 2).

If the libelant wishes to file a new libel against the tanker New England and treat the extra amount claimed as a new cause of action on a separate contract, it may do so in lieu of taking the amendment here.

If the libelant elects to take the amendment hereby granted, the stipulation for

value on file herein will be deemed to cover his claim, and any new libel on the subject-matter of the amendment will be precluded.

So the libelant must now take its choice between the amendment and a new libel based on the theory that the additional amount claimed arises under a separate contract.

VII. Under the narrowest construction of the court's power to send cases to a reference—a construction with which I am not in sympathy—this is eminently a case for such procedure, because it involves many items of repairs.

Consequently I shall sign an order for a reference to hear and report on or before May 1, 1931. Cf. in this connection Judge Caffey's opinion in Sorenson v. Liverpool Brazil, etc., S. S. Co., Ltd. (D. C.) 47 F.(2d) 332, handed down December 8, 1930.

Orders in accordance herewith, if not agreed, may be settled on two days' notice.