### THE MORNING STAR.

### THE FORREST E. SINGLE.

No. 12904.

District Court, E. D. New York.

Oct. 10, 1933.

against the stipulation for value and the claimant. The stipulation for value takes the place of the tug for all the purposes of the libel, and the tug cannot be rearrested for the cause of action therein stated in the libel. The Nahor (D. C.) 9 F. 213; The William F. McRae (D. C.) 23 F. 557; The Mutual (D. C.) 78 F. 144; The Cleveland (D. C.) 98 F. 631; J. K. Welding Co., Inc., v. Gotham Marine Corporation (D. C.) 47 F.(2d) 332.

The tug may be attached by the marshal under an execution issued against the claimant's property, the same as an execution issued to the sheriff in a state court action. Should it develop, however, that the tug is not owned by the claimant, a marshal selling it under an execution issued against the claimant's property could not transfer a title "good as against the world." He could only transfer the right, title, and interest of the claimant in the vessel. A marshal's sale in an in rem action is the only sale which transfers absolute title. If the libelant was seeking to have the tug sold under an execution issued against the claimant's property, it would not be necessary to apply to this court for leave to do so; it would merely be necessary for the libelant to issue an execution to the marshal, under which the marshal would advertise for sale the right, title, and interest of the claimant in the vessel. That remedy is open to the libelant. The libelant, however, cannot rearrest the boat and have what might be termed an "in rem sale," which would carry with it absolute title. The right to an in rem sale flows from the existence of a lien against the tug in libelant's favor. This lien was discharged upon the filing of the stipulation for value.

As was stated in U. S. v. Ames, 99 U. S. 35, 44, 25 L. Ed. 295: "None of the authorities afford any countenance whatever to the theory that the property released can be recalled for any purpose after the property has been condemned and the libellants have proceeded to final judgment against the principal and sureties in the bond or stipulation for the release of the property seized. Difficulties of the kind, it would seem, must be insuperable."

The motion must therefore accordingly be denied. Settle order on notice.

Alexander, Ash & Jones, of New York City (Edward Ash, of New York City, of counsel), for libelant.

Single, Atkins, Middleton & Tyler, of New York City (Christopher E. Heckman, of New York City, of counsel), for claimant.

Edward F. Keenan, of Jamaica, L. I., N. Y. (J. Francis Lynch, of counsel), for Superintendent of Insurance.

MOSCOWITZ, District Judge.

This is a motion for an order directing that a writ of venditioni exponas or monition issue to the United States marshal to attach the tug Forrest E. Single in satisfaction of a judgment entered against the claimant and its stipulators.

It appears from the moving papers that, after the filing of the libel herein, a stipulation for value in the sum of $700, the amount of the libelant's claim, executed by the New York Towing & Transportation Corporation, as principal, and the National Surety Company, as surety, was duly filed in this court. Thereafter the case proceeded to trial, and a final decree was entered awarding the libelant a recovery in the sum of $752. Subsequently, a summary judgment was entered against the National Surety Company.

The libelant by this motion is seeking to assert at this time a lien which it had against the tug Forrest E. Single for damages caused to its coalboat. The rule is well settled that, when a stipulation for value in the amount demanded in the libel has been filed, such stipulation is a substitute for the res, and that the claim or lien against the res is thereby extinguished, the action proceeding