**JOAO ALVES, Plaintiff,**

**v.**

**M/V KOORALE, her engines, tackle, bunkers, appurtenances in rem, Defendant.**

---

**UNITED STATES OF AMERICA, Plaintiff-in-Intervention,**

**M/V KOORALE, O.N. 545564, her engines, tackle, bunkers, appurtenances, etc., in rem, Defendant.**

High Court of American Samoa
Trial Division
CA No. 32-02

March 13, 2003

Before KRUSE, Chief Justice, MAMEA, Associate Judge, and TUPUIVAO, Associate Judge.

Counsel:      For Plaintiff, William H. Reardon
               For Plaintiff-in-Intervention, Barry I. Rose
               For Defendants, Roy, J.D. Hall, Jr. and Mark F. Ude

We are presented with yet another pre-trial motion in the case of the M/V Koorale. The owner of the boat, M & F Fishing, Inc. ("M & F Fishing"), having already entered an appearance on behalf of the Koorale as its claimant, now seeks to intervene in the case and assert two counterclaims against the plaintiff. Additionally, the defendant *in rem,* the M/V Koorale, has moved to amend its answer and assert the same two counterclaims against the plaintiff. The odd posture of the motions—that the owner, already involved in the litigation, is seeking to officially intervene and that the vessel is seeking to assert a counterclaim—is due to the legal fiction consequent to an admiralty suit in rem and the fact that the plaintiff has chosen to pursue a separate *in personam* action against the owner in a California Federal District Court.

■ M & F Fishing's motion to intervene is unnecessary, yet understandable. Not having been sued *in personam* in this particular suit, M & F Fishing is seeking to litigate all relevant claims in one proceeding instead of having to file a separate suit. Of course, not having been sued *in personam,* M & F Fishing seems to think it must first intervene. It is our opinion, however, that having already accepted M & F Fishing's claim of ownership, we have implicitly allowed it to intervene in the suit: "the claimant is really an actor in the litigation, *an intervener* who comes and asks for his property[.]" *See J.K. Welding Co. v. Gotham Marine Corporation,* 47 F.2d 332, 334 (S.D.N.Y. 1931) (emphasis added).

■ Some courts indulge the legal fiction of *in rem* by accepting the notion that the vessel itself can bring a counterclaim. *See, e.g., Titan Nav., Inc. v. Timsco, Inc.,* 808 F.2d 400, 401 (5th Cir. 1987) (stating that the plaintiff "and its vessels counterclaimed"). Other courts simply make the jump that the claimant, acting on behalf of the ship, is allowed to counterclaim. *See, e.g., Incas and Monterey Printing v. M/V Sang Jin,* 747 F.2d 959, 960 (5th Cir. 1984); *Wallin v. Keegan,* 426 F.2d 1313, 1313-14 (5th Cir. 1970). Because we consider it awkward to allow a "thing" to counterclaim, we prefer to shed our veil of ignorance and take the second approach. In our view, when the owner asserts his claim to the ship and assumes the responsibility of the lawsuit by defending it and putting up a security, for all intents and purposes, he has officially intervened in the suit.[1]

■ We turn then to the vessel's motion to amend its answer to include

---

[1] The necessity of such a holding seems to be limited to the unique situations where, as here, there is no claim *in personam* and thus no other avenue for the defendant/claimant/owner to assert a counterclaim.

two counterclaims; wrongful arrest and negligence of the substitute custodian. As stated, because of the unique posture of this case, the owner, acting on behalf of the vessel—but not the vessel itself—should be allowed to bring any counterclaims in the form of an amended answer. The two counterclaims, having matured after the initial pleadings, are considered "after acquired." *See* T.C.R.C.P. 13(e); 6 CHARLES WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1428 (2d ed. 1990). The only question for us to resolve is whether to exercise our discretion and allow the counterclaims asserted. *See id.* (after-acquired counterclaims can be asserted only by leave of court in exercise of its discretion).

■ Such claims have been properly asserted as counterclaims before. *See State Bank & Trust v. Boat D.J. Griffin*, 731 F. Supp. 770, 773-75 (E.D. La. 1990) (wrongful seizure); *New River Yachting Ctr., Inc. v. M/V Little Eagle II*, 401 F. Supp 132, 133 (S.C. Fla. 1975) (negligence of substitute custodian).[2] Additionally, it is in the interest of judicial economy and fairness to avoid multiple litigations. Therefore, we exercise our discretion and allow the amendments.

It is so ordered.

---

[2] Plaintiff's reliance on *Incas*, 747 F.2d 958, is misplaced. In that case, the court only dealt with whether the counterclaim of wrongful arrest was "compulsory" for purposes of Supplemental Admiralty and Maritime Claims Rule E(7). Outside of the context of Rule E(7), we consider that, at the very least, such a counterclaim is permissive. *See State Bank & Trust*, 731 F. Supp. at 775.